UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-600-MOC

| | |
|---|---|
| CHRISTOPHER DINGLE, ) | |
| Plaintiff, ) | |
| vs. ) | |
| FEDERAL EXPRESS CORP., ) | **ORDER** |
| doing business as FedEx Express, ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on a Partial Motion to Dismiss, filed by Defendant Federal Express Corporation, doing business as FedEx Express (hereinafter "Fed Ex" or "Defendant"). (Doc. No. 7).

### I. BACKGROUND

In this employment discrimination action, Plaintiff has sued his former employer Defendant Fed Ex, claiming that, by terminating Plaintiff's employment, Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq. ("Title VII"); 42 U.S.C. § 1981 ("Section 1981"), and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12131 et seq. ("ADA"). Plaintiff also alleges he was "subject to adverse employment actions (wrongful termination), discriminatory compensation practices and has been denied promotional opportunities because of his religion [Jehovah's Witness], disability [narcolepsy], and in retaliation for activities protected by Title VII, Section 1981, and [the ADA]." (Doc. No. 4, p. 1).

FedEx seeks dismissal of Plaintiff's Section 1981 claim; his religious discrimination

1

claims, including failure to accommodate religious beliefs and retaliation in connection with his requests for religious accommodation; and Plaintiff's Title VII and ADA claims based on alleged discriminatory "compensation practices" and denial of "promotional opportunities." Plaintiff's failure to accommodate claim under the ADA is not subject to the pending motion to dismiss. Defendant filed its motion to dismiss on January 26, 2023, Plaintiff filed a Response on February 19, 2023, and Defendant filed a Reply on February 27, 2023. (Doc. Nos. 7, 16, 17). This matter is ripe for disposition.

## II. PLAINTIFF'S FACTUAL ALLEGATIONS AND CLAIMS

Plaintiff was employed by Defendant as a "swing courier" for over a decade. Plaintiff asked for two different accommodations during different times in his employment. Plaintiff alleges that, in August 2010, he asked for an accommodation based on his religion (Jehovah's Witness). He asked to work morning shifts and to be allowed to work no later than 6 p.m. every night. Plaintiff alleges that Defendant allowed for this accommodation and that he worked the requested hours for several years without incident.

Later, in July 2019, when Plaintiff was diagnosed with narcolepsy, he requested fixed or stable morning routes as an accommodation for his narcolepsy. Defendant denied him that accommodation. Plaintiff asked Defendant for the same accommodation in 2021. At that time, he was offered a new route that would accommodate his narcolepsy, but that route interfered with his existing religious accommodation. When Plaintiff notified Defendant of that conflict, Defendant informed him that there were no available positions that could accommodate both his religious and disability accommodations. Plaintiff alleges, however, that he was aware of at least two routes that were available that could have accommodated both of his requested accommodations.

2

Defendant terminated Plaintiff's employment on or about November 2, 2021. The purported reason for the termination was failure to return from leave. Defendant claims that they placed Plaintiff on leave and offered him two separate positions that accommodated both his religion and disability, but that he rejected both. Plaintiff claims that he never agreed to be put on leave and that he was never notified of either position.

Plaintiff filed a timely Charge of Discrimination with U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that he had been discriminated against because of his religion, disability, and in retaliation in violation of Title VII and the ADA.

Plaintiff filed this lawsuit on November 2, 2022. He amended his Complaint on December 12, 2022. In the Amended Complaint, Plaintiff purports to bring the following claims: (1) Violation of Section 1981 and Title VII—religious discrimination and retaliation; and (2) Violation of the ADA—disability discrimination and retaliation. As noted, Defendant seeks dismissal of Plaintiff's Section 1981 claim; his Title VII religious discrimination claim, including failure to accommodate religious beliefs and retaliation in connection with his requests for religious accommodation; and Plaintiff's Title VII and ADA claims to the extent they are based on alleged discriminatory "compensation practices" and denial of "promotional opportunities."

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations

constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

**IV.     DISCUSSION**

**A. Plaintiff's Claim of Religious Discrimination under Title VII**

Plaintiff claims that Defendant discriminated against him based on his religion (Jehovah's Witness). Title VII prohibits employment discrimination based on religion. 42 U.S.C. § 2000e-2(a). To state a claim for discrimination based on religion under Title VII, a plaintiff must allege that he engaged in a religious practice, the employer took an adverse employment action against him, and the employer's action was motivated at least in part by plaintiff's

4

religious practice. Chalmers v. Tulon Co., 101 F.3d 1012, 1025 (4th Cir. 1996). To state a failure-to-accommodate claim in the religious context, a plaintiff must show he has a bona fide religious belief or practice that conflicts with an employment requirement, and the need for an accommodation of that religious belief or practice served as a motivating factor in the employer's adverse employment action. E.E.O.C. v. Abercrombie & Fitch Stores, Inc., 573 U.S. 991 (2015).

Before instituting a civil action alleging violations of Title VII, an individual must first file a charge of discrimination with the EEOC or, in other words, exhaust his administrative remedies. 42 U.S.C. § 2000e-5; Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009). The contents of the charge determine the "scope of the plaintiffs right to file a federal lawsuit." Id.; see also Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005) (stating that the charge frames the scope of future litigation"). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII suit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996); see also Chacko, 429 F.3d at 506 (holding that a plaintiff fails to exhaust his administrative remedies where the charge references "different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit"). Therefore, claims that allege different bases for discrimination than were alleged in the charge or that allege different types of discrimination than were alleged in the charge are barred. Chacko, 429 F.3d at 509. "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones, 551 F.3d at 300–01.

Defendant first contends that Plaintiff's religious discrimination claim under Title VII must be dismissed because he failed to exhaust his administrative remedies as to this claim.

5

Defendant contends that the EEOC Charge does not allege any adverse action, including his termination, because of his religious beliefs, or retaliation because he sought a religious accommodation. Defendant notes that Plaintiff alleges in the Amended Complaint that, in August 2010, Plaintiff notified Defendant that he is a Jehovah's Witness and asked for a reasonable accommodation based on his religion--specifically, that his routes be in the mornings and that he would not be required to work after 6 p.m. due to his religion and church service obligations. Defendant allowed the requested reasonable accommodation and gave Plaintiff a morning route work schedule that allowed him to be done with work before 6 p.m. Plaintiff alleges that he worked the new schedule without incident for several years.

Defendant further notes that the EEOC Charge similarly concedes that in 2010 Defendant granted Plaintiff's work accommodation request for his religion. Defendant contends, however, that the EEOC Charge makes no factual allegation supporting Plaintiff's legal conclusion that his termination was based on his "religious belief" or in retaliation for requesting a religious accommodation in 2010. Defendant contends, therefore, that the EEOC charge is untimely.

Defendant also argues that, even assuming Plaintiff sufficiently alleged religious discrimination in his EEOC charge, he still fails to state a cognizable claim for religious discrimination in his Amended Complaint. Defendant contends that other than labeling himself as a Jehovah's Witness, there are no "well-pleaded facts to be accepted as true" enabling either the Court or FedEx to determine what happened between August 8, 2010, and his termination in November 2021 demonstrating (1) the religious practices Plaintiff engaged in, or was prohibited from engaging in by FedEx; (2) what FedEx did demonstrating a motivation to discriminate against him because of his religious belief; (3) religious accommodations sought after August 2010 and before his termination in November 2021; and (4) how and under what circumstances

6

his bona fide religious beliefs or practices conflicted with FedEx's employment requirements. Defendant argues that, in addition to the fact that Plaintiff failed to exhaust his administrative remedies for his religious discrimination claim, Plaintiff's discrimination and accommodation claims based on his religion fail as a matter of law.

The Court will deny Defendant's motion to dismiss. First, as to the EEOC charge, Plaintiff alleged in the Charge that he was allowed an accommodation for his religion for several years and without incident after his request in 2010. As noted, the accommodation request was for him to be allowed to work in the mornings and no later than 6 p.m. He further asserts that he was terminated because of his religion. Although the EEOC charges do not explicitly describe what happened leading up to his termination, the implication is that some time before his termination, Defendant stopped allowing Plaintiff to work in the mornings as requested and/or that Defendant offered Plaintiff only jobs that required him to work after 6 p.m. Plaintiff's allegations of religious discrimination in this EEOC Charge are reasonably related to the original complaint.

Moreover, as to whether Plaintiff has stated a claim for religious discrimination in his Amended Complaint, while the Court agrees with Defendant that Plaintiff could have provided more factual details as to his religious discrimination claim, the bar to surviving a Rule 12(b)(6) motion is not a high one. Rather, the pleading standards of Iqbal and Twombly remain liberal, and a motion to dismiss must be denied as long as the allegations plausibly give rise to an entitlement to relief. Plaintiff has satisfied that burden at this stage in the proceedings. For these reasons, the Court denies the motion to dismiss Plaintiff's religious discrimination claim under Title VII.

### B. Plaintiff's Religious Discrimination Claim under Section 1981.

Section 1981 "affords a federal remedy against discrimination in private employment on the basis of race." Lowery v. Circuit City Stores, Inc., 206 F.3d 431, 440–41 (4th Cir. 2000) (citing Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 460 (1975)). In relevant part, Section 1981(a) provides: "All persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." Courts have held that "[t]he reference to the same rights as enjoyed by 'white citizens' does not protect, under this statute, against discrimination on the basis of gender, religion, disability, age, political affiliation or national origin." Schilling v. Rutherford Pediatrics, P.A., 346 F. Supp. 2d 828, 836 (W.D.N.C. 2004) (citing Saganav. Tenorio, 384 F.3d 731, 738–39 (9th Cir. 2004)). Rather, a Section 1981 claim must be based on race, color, or national origin.

Here, Plaintiff does not make any claims based on his race, color, or national origin. Indeed, as Defendant notes, Plaintiff has not even identified his race in this lawsuit. To the extent Plaintiff purports to bring a claim under Section 1981 for religious discrimination, Section 1981 simply does not protect against discrimination based on religion. Anooya v. Hilton Hotels Corp., 733 F.2d 48, 50 (7th Cir. 1984). "In the absence of an allegation of racial animus, either explicit or reasonably inferable from the pleadings, plaintiff cannot maintain his section 1981 action." Id. at 50. Plaintiff has not stated a claim under Section 1981, and this claim is therefore dismissed.

**C. Plaintiff's Title VII and ADA Claims Based on "Discriminatory Compensation Practices" and Denial of "Promotional Opportunities."**

Defendant also moves to dismiss the part of Plaintiff's Title VII and ADA claims that are based on "discriminatory compensation practices" and the denial of "promotional opportunities," arguing that Plaintiff did not allege these forms of discrimination in the EEOC Charge or in the Amended Complaint. Out of an abundance of caution, and again acknowledging the liberal

8

standards of pleading on a Rule 12(b)(6) motion to dismiss, the Court will deny the motion to dismiss as to Plaintiff's Title VII and ADA claims that are based on "discriminatory compensation practices" and the denial of "promotional opportunities." Of course, it will be Plaintiff's burden to provide evidence of these claims during the discovery process before the parties proceed to the summary judgment stage.[1]

V. CONCLUSION

For the reasons stated herein, Defendant's partial motion to dismiss is granted in part and denied in part. Plaintiff's Section 1981 claim is dismissed with prejudice. All other claims remain.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Partial Motion to Dismiss, (Doc. No. 7), is **GRANTED in PART and DENIED in PART**, and Plaintiff's Section 1981 claim is **DISMISSED** with prejudice. All other claims remain in this action.

Signed: June 9, 2023

Max O. Cogburn Jr
United States District Judge

---

[1] Plaintiff made no attempt to respond to Defendant's arguments to these claims in Plaintiff's response brief, suggesting that Plaintiff does not believe these claims are viable. Plaintiff is encouraged to reassess whether he intends to continue prosecuting these two theories as part of his Title VII and ADA claims before the parties proceed to the summary judgment stage.